UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHANNA LONGAS-PALACIO (A201 067 838) § § Plaintiff § § v. § UNITED STATES CITIZENSHIP AND § IMMIGRATION SERVICES § § Defendant § | § § § § § § § § § § § | CIVIL ACTION NO. _____ |

**COMPLAINT (under Freedom of Information Act)**

**TO THE HONORABLE COURT:**

**I. INTRODUCTION**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, seeking disclosure and release of agency records unlawfully withheld from Plaintiff Johanna Longas-Palacio ("Plaintiff") by Defendant U.S. Citizenship and Immigration Services ("USCIS"). Plaintiff challenges USCIS's refusal to disclose all agency records in its possession in violation of FOIA, and its refusal to produce a proper Vaughn index as required by FOIA and Fifth Circuit precedent. See *Batton v. Evers,* 598 F.3d 169, 173 (5th Cir., 2010) ("the district court abused its discretion by failing to order a *Vaughn* index*"); Id.* at 175 (citing *Cooper Cameron Corp. v. United States Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Thus, in FOIA cases, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'"); *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C. Cir. 1975) (The government must provide detailed

1

justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which agency records were disclosable and which were exempt.)

1.      This lawsuit is brought specifically due to the USCIS's refusal to produce responsive agency records, which Plaintiff needs to effectively defend herself in removal proceedings pending in immigration court in Houston, Texas; thus, forcing Plaintiff to file the instant lawsuit after Plaintiff's administrative FOIA request was exhausted.

## II. PARTIES

2.      Plaintiff Johanna Longas-Palacio, is an individual, now residing in Oviedo, Florida.  Before moving there, she resided in Hempstead, Texas.  Removal proceedings are pending in Houston, Texas.  Pursuant to FOIA, 5 U.S.C. §552, Plaintiff requested all agency records, which are in the possession of USCIS, for the purpose of obtaining the agency records which she believes will show malice on the part of USCIS in bringing the removal case against her.

3.      Defendant USCIS has custody and control of alien immigration files and the specific agency records requested by Plaintiff pursuant to FOIA.  USCIS is an agency within the meaning of FOIA, 5 U.S.C. §552(f).  The Director's name is Ur Mendoza Jaddouand and she should be served at 111 Massachusetts Ave., NW, Washington, DC  20529-2260.

4.      Merrick Garland is Attorney General of the United States and should be served at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC  20530-0001.

5.      Jennifer Lowery, Acting U.S. Attorney, U.S. Attorney's Office – Southern District of Texas, should be served with process at 1000 Louisiana, Ste. 2300, Houston, Texas 77002.

### III. JURISDICTION

6. This Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) (Freedom of Information Act). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) as this action arises under the laws of the United States.

7. The aid of this Court is invoked under 28 U.S.C. §§2201 and 2202, authorizing a declaratory judgment.

### IV. VENUE

8. Venue lies in the United States District Court for the Southern District of Texas pursuant to 5 U.S.C. §552(a)(4)(B) since Plaintiff resided within this district at all relevant times and the removal proceedings are pending here. The records are in the file which is in the possession of the Office of Chief Counsel (the prosecuting attorneys in the immigration court) at 126 Northpoint, Room 2020, Houston, Texas 77060.)

### V. LEGAL FRAMEWORK

**a. The A-File:**

9. An immigration file, also known as the Alien file or "A-File," documents the history of immigrants' and others' interactions with components of the Department of Homeland Security and predecessor agencies. The USCIS uses the information in an A-File to enforce U.S. immigration laws.[1] The A-File "contains all the individual's official record material. The A-File is shared among the various sub-agencies of the Department of Homeland Security, and the Freedom of Information Act Request for the contents of the file is made through the USCIS. See

---

[1] 66 Fed. Reg. 46812-02, 2001WL 1016875 (2001).

https://www.uscis.gov/records/request-records-through-the-freedom-of-information-act-or-privacy-act.

### b. Freedom of Information Act:

#### 1. FOIA is a judicially enforceable right.

10.     FOIA is a "judicially enforceable right" of every person who properly files a FOIA request "to secure such information from possibly unwilling official hands." *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 151 (1989) (citing *EPA v. Mink,* 410 U.S. 73, 80 (1973)); *see Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 18 (1974) (describing FOIA as a "right"); *Rollins v. U.S. Dept. of Justice,* 1992 WL 12014526, at *3 (S.D.Tex. 06/30/1992) ("The Freedom of Information Act ('FOIA'), 5 U.S.C. §552, generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records, or portions thereof, are protected from disclosure.")

#### 2. The burden of proof is always on the agency at every stage of litigation.

11.     FOIA was passed with the intent to allow individuals access to documents under government control.  In this case, the FOIA request for information is made to USCIS, who responded but withheld 110 pages in part and 4 full pages.  As a result of an administrative appeal, 4 more pages were released in part, on April 8, 2021.  This request for review follows, as provided for by 5 U.S.C. §552(a)(4)(B).  None of the pages were numbered or otherwise identified.  A copy of the April 8, 2021, transmittal is attached hereto.

12.     On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from complainant" . . . "and the burden is on the agency to sustain its action." 5 U.S.C. §552(a)(4)(B).

https://www.uscis.gov/records/request-records-through-the-freedom-of-information-act-or-privacy-act.

### b. Freedom of Information Act:

#### 1. FOIA is a judicially enforceable right.

10.     FOIA is a "judicially enforceable right" of every person who properly files a FOIA request "to secure such information from possibly unwilling official hands." *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 151 (1989) (citing *EPA v. Mink,* 410 U.S. 73, 80 (1973)); *see Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 18 (1974) (describing FOIA as a "right"); *Rollins v. U.S. Dept. of Justice,* 1992 WL 12014526, at *3 (S.D.Tex. 06/30/1992) ("The Freedom of Information Act ('FOIA'), 5 U.S.C. §552, generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records, or portions thereof, are protected from disclosure.")

#### 2. The burden of proof is always on the agency at every stage of litigation.

11.     FOIA was passed with the intent to allow individuals access to documents under government control.  In this case, the FOIA request for information is made to USCIS, who responded but withheld 110 pages in part and 4 full pages.  As a result of an administrative appeal, 4 more pages were released in part, on April 8, 2021.  This request for review follows, as provided for by 5 U.S.C. §552(a)(4)(B).  None of the pages were numbered or otherwise identified.  A copy of the April 8, 2021, transmittal is attached hereto.

12.     On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from complainant" . . . "and the burden is on the agency to sustain its action." 5 U.S.C. §552(a)(4)(B).

13. Plaintiff has exhausted her administrative remedies under FOIA with USCIS. The USCIS has unlawfully withheld agency records in violation of FOIA, 5 U.S.C. §552.

## VI.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. There are no further administrative acts that Plaintiff can take to obtain the documents to which she is entitled. Plaintiff's only remedy remaining is by way of this Complaint. *See* 5 U.S.C. §552(a)(6)(C).

Plaintiff has no right to discovery in removal proceedings. She has no criminal history, but she does have a history of complaints against her by her neighbors. She believes that the removal proceedings against her are without legal basis and are an attempt to do a favor for or curry favor with local political bosses in Waller County, Texas.

## VII.  EQUAL ACCESS TO JUSTICE ACT ATTORNEY'S FEES

15. Plaintiff seeks an award of her attorney's fees, costs and expenses under the Equal Access to Justice Act, 28 U.S.C. §2412. *See Khalid v. Gomez,* 2013 WL 2285132 (E.D.La. 2013) (Fallon, J.).

## VIII.  FOIA ATTORNEY'S FEES

16. Plaintiff seeks an award of his attorney's fees, costs and expenses under FOIA, 5 U.S.C. §552(a)(4)(E). *See Hernandez v. U.S. Customs and Border Protection Agency,* 2012 WL 398328 (E.D.La. Feb. 7, 2012) (Barbier, J.); *Maycock v. I.N.S.,* 736 F.Supp. 1561 (N.D.Cal. 1990); *Jarno v. Department of Homeland Security,* 365 F.Supp.2d 733 (E.D.Va. 2005).

## IX.  PRAYER FOR RELIEF

17. WHEREFORE, Plaintiff respectfully prays this Court to:

a. Assume jurisdiction over this matter;

b. Enjoin USCIS from continuing to withhold any and all non-exempt responsive agency records in response to Plaintiff's FOIA request and order USCIS to produce forthwith any and all non-exempt agency records responsive to Plaintiff's FOIA request;

c. Order USCIS to produce a Vaughn index of any responsive records withheld, and to specify why they claim and specific exemption;

d. Grant reasonable attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act, 28 USC §2412, *et seq.*  See *Khalid v. Gomez,* 2013 WL 2285132 (E.D.La. 2013) (Fallon, J.).

e. Grant reasonable attorney's fees, costs and expenses pursuant to the Freedom of Information Act, 5 U.S.C. §552(a)(4)(E).  See *Hernandez v. U.S. Customs and Border Protection Agency,* 2012 WL 398328 (E.D.La. Feb. 7, 2012) (Barbier, J.); *Maycock v. I.N.S.,* 736 F.Supp. 1561 (N.D.Cal. 1990); *Jarno v. Department of Homeland Security,* 365 F.Supp.2d 733 (E.D.Va. 2005).

f. Grant such other relief as this Court may deem just and proper.

Respectfully submitted this 16th day of August, 2021.

> s/ PETER D. WILLIAMSON
> Attorney for Plaintiff
> CHAMBERLAIN, HRDLICKA, WHITE,
>     WILLIAMS & AUGHTRY
> 1200 Smith Street, Suite 1400
> Houston, Texas  77002
> Phone:  713/658-2508
> Fax:  713/658-2553
> Email:  peter.williamson@chamberlainlaw.com

## **VERIFICATION**

I, JOHANNA LONGAS-PALACIO, upon my oath and under penalty of perjury hereby state: I am the Plaintiff in this case, and I verify that the information contained in the foregoing Complaint is true and correct as far as I know it to be so.

Executed this  20  day of July, 2021.

s/_____
JOHANNA LONGAS-PALACIO
