UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHANNA LONGAS-PALACIO,

Plaintiff,

v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

Defendant.

Civil Action No. 4:21-cv-2661

## DEFENDANT'S *VAUGHN* INDEX AND
## MOTION FOR SUMMARY JUDGMENT

Jennifer B. Lowery
United States Attorney

By: Annalisa L. Cravens
    Assistant U.S. Attorney
    Attorney-in-Charge
    Texas Bar No. 24092298
    Southern District No. 2791281
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    Tel: 713-567-9489
    Annalisa.Cravens@usdoj.gov

## **Table of Contents**

TABLE OF AUTHORITIES ..................................................................... ii

BACKGROUND ...................................................................................1

ISSUE PRESENTED .............................................................................2

SUMMARY ...........................................................................................3

LEGAL STANDARDS ..........................................................................4

  Summary judgment................................................................................4

  FOIA Exemptions .................................................................................5

ARGUMENT .........................................................................................6

   A.  USCIS properly applied FOIA Exemption 3.................................7

   B.  USCIS properly applied FOIA Exemption 5.................................8

     i.  Deliberative Process Privilege ....................................................8

     ii.  Attorney-Client Privilege and Work Product Doctrine ............11

   C.  USCIS properly applied FOIA Exemptions 6 and 7(C). .............13

   D.  USCIS properly applied FOIA Exemption 7(E). ........................16

   E.  USCIS produced all reasonably segregable information. ............19

   F.  The question Plaintiff posed to USCIS did not constitute a proper request under FOIA. .......................................................................20

CONCLUSION....................................................................................20

CERTIFICATE OF SERVICE .............................................................21

## Table of Authorities

**Page(s)**

**Cases**

*Batton v. Evers,*
  598 F.3d 169 (5th Cir. 2010) ...................................................................6, 13

*Bayala v. U.S. Dep't of Homeland Sec.,*
  264 F. Supp. 3d 165 (D.D.C. 2017)..................................................................18

*Blackwell v. FBI,*
  646 F.3d 37 (D.C. Cir. 2011)............................................................................17

*Branch v. Phillips Petroleum Co.,*
  638 F.2d 873 (5th Cir. 1981) ...........................................................................9

*Cal-Trim, Inc. v. IRS,*
  484 F. Supp. 2d. 1021 (D. Ariz. 2007) ...........................................................15

*Catholic Legal Immig. Network, Inc. v. USCIS,*
  No. TJS-19-1511, 2020 WL 5747183 (D. Md. Sept. 25, 2020)..........................18

*Central Intelligence Agency v. Sims,*
  471 U.S. 159 (1985).........................................................................................5

*Church of Scientology of Texas v. I.R.S.,*
  816 F. Supp. 1138 (W.D. Tex. 1993) ..............................................................12

*Coastal States Gas Corp. v. Dep't of Energy,*
  617 F.2d 854 (D.C. Cir. 1980)......................................................................9, 12

*Cooper Cameron Corp. v. U.S. Dep't of Labor,*
  280 F.3d 539 (5th Cir. 2002) ........................................................................2, 4

*Davidson v. U.S. Dep't of State,*
  206 F. Supp. 3d 178 (D.D.C. 2016), *aff'd*, 728 F. App'x 7 (D.C. Cir. 2018) ......15

*Davis v. U.S. Dep't of Homeland Sec.*,
    2013 WL 3288418 (E.D.N.Y. June 27, 2013) ........................................................8

*Dep't of the Interior v. Klamath Water Users Protective Ass'n*,
    532 U.S. 1 (2001) ....................................................................................................8

*Gahagan v. United States Citizenship*,
    No. CV 15-2540, 2016 WL 3997049 (E.D. La. July 26, 2016) ...........................18

*Gosen v. USCIS*,
    75 F. Supp. 3d 279 (D.D.C. 2014) ........................................................... 14, 15, 18

*Hinton v. Dep't of Justice*,
    844 F.2d 126 (D.C. Cir. 1988) ...............................................................................7

*Hudgins v. IRS*,
    620 F. Supp. 19 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987),
    *cert. denied*, 484 U.S. 803 (1987) .......................................................................20

*Ibrahim v. U.S. Dep't of State*,
    311 F. Supp. 3d 134 (D.D.C. 2018) ......................................................................14

*Isiwele v. U.S. Dep't of Health & Human Servs.*,
    85 F. Supp. 3d 337 (D.D.C. 2015) ............................................................... 15, 18

*Jobe v. Nat'l Transp. Safety Bd.*,
    1 F.4th 396 (5th Cir. 2021) .....................................................................................1

*John Doe Agency v. John Doe Corp.*,
    493 U.S. 146 (1989) ............................................................................................5, 6

*Jones v. FBI*,
    41 F.3d 238 (6th Cir. 1994) ...............................................................................7, 14

*Judicial Watch, Inc. v. Clinton*,
    880 F. Supp. 1 (D.D.C. 1995) ................................................................................2

*Judicial Watch, Inc. v. Food & Drug Admin.*,
    449 F.3d 141 (D.C. Cir. 2006) ...............................................................................9

*Kay v. FCC*,
  976 F. Supp. 23 (D.D.C. 1997)............................................................7

*Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*,
  852 F. Supp. 2d 66 (D.D.C. 2012)......................................................19

*Matter of Wade*,
  969 F.2d 241 (7th Cir. 1992) ..............................................................3

*Mayer Brown LLP v. IRS*,
  562 F.3d 1190 (D.C. Cir. 2009)..........................................................17

*McQueen v. United States*,
  264 F. Supp. 2d 502 (S.D. Tex. 2003)...............................................3, 6

*Mezerhane de Schnapp v. USCIS*,
  67 F. Supp. 3d 95 (D.D.C. 2014)........................................................18

*Minier v. Central Intelligence Agency*,
  88 F.3d 796 (9th Cir. 1996) ................................................................5

*Miscavige v. IRS*,
  2 F.3d 366 (11th Cir. 1993) ................................................................4

*Nat'l Ass'n of Retired Fed. Emps. v. Horner*,
  879 F.2d 873 (D.C. Cir. 1989)............................................................16

*Neary v. Fed. Deposit Ins. Corp.*,
  104 F. Supp. 3d 52 (D.D.C. 2015).......................................................3

*NLRB v. Sears Roebuck & Co.*,
  421 U.S. 132 (1975)............................................................................8

*Pope v. United States*,
  599 F.2d 1383 (5th Cir. 1979) ...........................................................16

*Prison Legal News v. Samuels*,
  787 F.3d 1142 (D.C. Cir. 2015)..........................................................15

*Rojas-Vega v. USCIS*,
   132 F. Supp. 3d 11 (D.D.C. 2015), *aff'd*,
   650 F. App'x 36 (D.C. Cir. 2016)............................................................ 14, 15, 18

*Sensor Systems Support, Inc. v. FAA*,
   851 F. Supp. 2d 321 (D.N.H. 2012)....................................................................15

*Shermco Indus., Inc. v. Sec'y of Air Force*,
   613 F.2d 1314 (5th Cir. 1980) ................................................................................9

*Skelton v. U.S. Postal Serv.*,
   678 F.2d 35 (5th Cir. 1982) ....................................................................................9

*Skinner v. U.S. Dep't of Just.*,
   806 F. Supp. 2d 105 (D.D.C. 2011)....................................................................15

*Skurow v. U.S. Dep't of Homeland Sec.*,
   892 F. Supp. 2d 319 (D.D.C. 2012)......................................................................8

*Students Against Genocide v. Dep't of State*,
   257 F.3d 828 (D.C. Cir. 2001)...............................................................................4

*Techserve Alliance v. Napolitano*,
   803 F. Supp. 2d 16 (D.D.C. 2011)......................................................................19

*U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*,
   489 U.S. 749 (1989).............................................................................. 13, 14, 16

*United States v. Jicarilla Apache Nation*,
   564 U.S. 162 (2011).............................................................................................11

*Vaughn v. Rosen*,
   484 F.2d 820 (D.C. Cir. 1973).............................................................. 1, 3, 6, 7

*Vaughn v. Rosen*,
   523 F.2d 1136 (D.C. Cir. 1975)............................................................................9

*Weisberg v. U.S. Dep't of Justice*,
   627 F.2d 365 (D.C. Cir. 1980)...............................................................................4

*Wickwire Gavin, P.C. v. U.S. Postal Serv.*,
  356 F.3d 588 (4th Cir. 2004) ................................................................4

**Statutes**

5 U.S.C. § 552(b) ...........................................................................7, 19

5 U.S.C. § 552(b)(3) ............................................................................7

5 U.S.C. § 552(b)(5) ............................................................................8

5 U.S.C. § 552(b)(6) ..........................................................................13

5 U.S.C. § 552(b)(7)(C) .....................................................................13

5 U.S.C. § 552(b)(7)(E) .....................................................................16

**Rules**

Fed. R. Civ. P. 26(b)(3) .....................................................................12

**Regulations**

69 Fed. Reg. 28066-01 .........................................................................7

Defendant respectfully submits the attached *Vaughn* index (Dkt. 16-7)[1] detailing the documents withheld in response to Plaintiff's Freedom of Information Act (FOIA) request and moves for summary judgment in its favor.

## **Background**

Plaintiff Johanna Longas-Palacio is a former Texas resident with removal proceedings pending in Houston Immigration Court. (Dkt. 1 ¶ 2.) Plaintiff believes that the proceedings were prompted by a conspiracy against her by local politicians in Waller County, Texas. (*Id.* ¶ 14.) Presumably, she believes that someone who disliked her contacted immigration officials to inform them of her status, thus leading to removal proceedings. It is unclear why Plaintiff wishes to determine how immigration officials became aware of her status, as that issue appears to be unrelated to the merits of any claim she may have related to her immigration benefits.

In any event, to investigate her belief, Plaintiff submitted a FOIA request to U.S. Citizenship and Immigration Services (USCIS) seeking her A-file and related records. (*See* Exhibit A to Exhibit 1 (Dkt. 16-2).[2]) An A-file, or Alien Registration

---

[1] The term "*Vaughn* index" stems from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). "A *Vaughn* index describes documents identified as responsive to a FOIA request but not produced and explains why they have been withheld." *Jobe v. Nat'l Transp. Safety Bd.*, 1 F.4th 396, 402 n.5 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 757 (2022).

[2] Exhibit 1 is the declaration of Cynthia Munita, the Associate Center Director and Chief FOIA Officer in the FOIA and Privacy Act Unit of the USCIS's National Records Center. The declaration includes five attachments: (A) Plaintiff's FOIA

File, is "a series of records maintained on a person that document the person's immigration history. A-files are created when an application or petition for a long-term or permanent benefit is received, or when enforcement action is initiated." USCIS Policy Manual, Vol. 1, Part E, Chapter 2, available at https://www.uscis.gov/policy-manual/volume-1-part-e-chapter-2.

In response to Plaintiff's FOIA request, USCIS produced the releasable portions of her A-file. (*See* Exhibits B, C, and E to Exhibit 1.) Limited portions were withheld pursuant to FOIA's various exemptions. (*See* Exhibit E to Exhibit 1.) Plaintiff challenges those withholdings here.[3]

## Issue Presented

The only issue before the Court is whether USCIS lawfully redacted portions of documents and withheld documents pursuant to FOIA Exemptions 3, 5, 6, and 7. This question should be resolved on summary judgment based on USCIS's *Vaughn* index and declaration. *See Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d

---

Request, (B) USCIS's Acknowledgment Letter, (C) USCIS's Determination Letter, (D) Plaintiff's Appeal Letter, (E) USCIS's Second Determination Letter, and (F) the *Vaughn* Index. For ease of reference, the attachments to Exhibit 1 are filed as separate exhibits on CM/ECF.

[3] Plaintiff also complains that she did not receive a *Vaughn* index at the administrative level. (Dkt. 1 at 1.) Though Plaintiff did not challenge the lack of a *Vaughn* index in the administrative appeal, she would not have been entitled to one in any event. *See, e.g.*, *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995) (holding that agencies need not provide a *Vaughn* index until ordered by a court after the plaintiff has exhausted administrative remedies).

539, 543 (5th Cir. 2002). "Without evidence of bad faith, the veracity of the government's submission regarding reasons for withholding the documents should" be accepted as conclusive summary judgment evidence. *McQueen v. United States,* 264 F. Supp. 2d 502, 514 (S.D. Tex. 2003) (quoting *Matter of Wade,* 969 F.2d 241, 246 (7th Cir. 1992)).

## Summary

USCIS has satisfied its obligations under FOIA: it conducted an adequate search for the requested documents (which Plaintiff does not challenge); it redacted portions of documents under applicable FOIA exemptions; and now it provides a *Vaughn* index and declaration explaining the basis for the challenged redactions and withholdings. (*See* Exhibit 1, Declaration of Cynthia Munita, and Exhibit F, *Vaughn* index.) *See also Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973) (setting forth the procedural requirements for identifying documents at issue in a FOIA case).

In considering this motion, the Court should keep in mind what this case is, and is not, about. Plaintiff is attempting to use this FOIA litigation as a discovery tool in the ongoing immigration court proceedings. (Dkt. 1 ¶ 14 ("Plaintiff has no right to discovery in removal proceedings.").) Courts disfavor this practice. *See, e.g.*, *Neary v. Fed. Deposit Ins. Corp.*, 104 F. Supp. 3d 52, 58 (D.D.C. 2015) ("FOIA was not intended to be a discovery tool") (collecting cases) (quotations omitted).

In particular, Plaintiff believes that local politicians in Waller County, Texas, alerted immigration officials to her immigration status, thus prompting the removal proceedings against her. Whether that happened is not at issue here. This case is about whether USCIS has supported its decision to redact or withhold certain documents responsive to Plaintiff's FOIA request. Because USCIS's withholding decisions were all proper applications of FOIA exemptions, this Court should grant Defendant's summary judgment motion.

## Legal Standards

***Summary judgment.*** Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved. *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004) (citing *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993)) ("FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified."); *accord Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases."). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

***FOIA Exemptions.*** The essential purpose of FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 149 (1989). "Congress recognized, however, that public disclosure is not always in the public interest." *Central Intelligence Agency v. Sims*, 471 U.S. 159, 166-167 (1985). FOIA is designed to achieve a "workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *John Doe*, 493 U.S. at 152 (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess. 6 (1966), reprinted in 1966 U.S.C.C.A.N. 2418, 2423). Accordingly, the statute incorporates "nine exemptions which a government agency may invoke to protect certain documents from public disclosure." *Minier v. Central Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996).

The Supreme Court has recognized that the statutory exemptions are intended to have "meaningful reach and application." *John Doe*, 493 U.S. at 152. Indeed, "[a] district court only has *jurisdiction* to compel an agency to disclose *improperly withheld* agency records," *i.e.*, records that do "not fall within an exemption." *Minier v. Central Intelligence Agency*, 88 F.3d at 803 (emphases in original). "Congress did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-

case basis," and "[r]equiring an agency to disclose exempt information is not authorized by FOIA." *Id.* (quotations omitted).

The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. These affidavits must be clear, specific, and reasonably detailed while describing the withheld information in a factual and non-conclusory manner. *McQueen v. United States*, 264 F. Supp. 2d at 514. The declarations or affidavits are often referred to as a "*Vaughn* index," after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). *See, e.g.*, *John Doe*, 493 U.S. at 149 n.1 (*quoting Vaughn*, 484 F.2d at 826) ("The 'Index' usually consists of a detailed affidavit, the purpose of which is to 'permit the court system effectively and efficiently to evaluate the factual nature of disputed information.'"). Finally, declarations submitted by an agency are entitled to a "presumption of legitimacy" unless there is evidence of bad faith. *Batton v. Evers,* 598 F.3d 169, 176 (5th Cir. 2010) (citations omitted).

## Argument

The *Vaughn* index and supporting declaration demonstrate that USCIS correctly determined that parts of the requested records are exempt from disclosure under FOIA Exemptions 3, 5, 6, and 7.

The *Vaughn* index and declaration are sufficiently detailed to identify and explain USCIS's redactions. A *Vaughn* index is intended to explain, and afford the

requester a meaningful opportunity to challenge, the agency's exemption claims. *See Vaughn,* 484 F.2d 820; *see also Jones v. FBI,* 41 F.3d 238, 241 (6th Cir. 1994) ("A *Vaughn* index is a routine device through which the defendant agency describes the responsive documents withheld or redacted and indicates why the exemptions claimed apply to the withheld material."). There is no set formula for a *Vaughn* index. Rather, "it is well established that the critical elements of the *Vaughn* index lie in its function, and not in its form." *Kay v. FCC,* 976 F. Supp. 23, 35 (D.D.C. 1997); *see also Hinton v. Dep't of Justice,* 844 F.2d 126, 129 (D.C. Cir. 1988) (holding that a *Vaughn* index is sufficient if "the requester and the trial judge [are] able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure"). As explained in the declaration, *Vaughn* index, and below, the information withheld is exempt from disclosure under FOIA Exemptions 3, 5, 6, and 7. *See* 5 U.S.C. §§ 552(b).

## A. USCIS properly applied FOIA Exemption 3.

FOIA Exemption 3, 5 U.S.C. § 552(b)(3), exempts from disclosure information that is prohibited from disclosure by another federal law. Section 114(r) or Title 49, Department of Transportation, prevents USCIS from disclosing, among other information, whether a specific name appears on the government's "No Fly" list. *See Protection of Sensitive Security Information*, 69 Fed. Reg. 28066-01, 28071 (May 18, 2004) (interim final rule adding under 49 C.F.R. § 1520.5(b)(9)(ii)) ("This

is intended to cover . . . lists of individuals identified as threats to transportation or national security."); *Skurow v. U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 331 (D.D.C. 2012) (finding whether a specific name appears on the "No-Fly" or "Selectee" list as fitting squarely within the scope of Section 114( r)"); *Davis v. U.S. Dep't of Homeland Sec.*, 2013 WL 3288418, at *11 (E.D.N.Y. June 27, 2013).

USCIS properly withheld the results of whether an individual is on the "No Fly" list on a number of documents as set forth in the *Vaughn* index.

## B. USCIS properly applied FOIA Exemption 5.

FOIA Exemption 5, 5 U.S.C. § 552(b)(5), allows for the withholding of internal agency documents that are normally privileged in the civil discovery context. *See NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 149 (1975). Here, USCIS asserted this exemption because the responsive documents contained information covered by the deliberative process privilege and the attorney-client privilege and work product doctrine. (*See* Exhibit 1.)

### i.    Deliberative Process Privilege

The internal documents that USCIS redacted under Exemption 5 contain privileged deliberative material. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure, opinions, conclusions, and recommendations included within internal agency communications. *See U.S. Dep't of the Interior v.*

*Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. *See Branch v. Phillips Petroleum Co*., 638 F.2d 873, 881 (5th Cir. 1981) (citations omitted); *Skelton v. U.S. Postal Serv*., 678 F.2d 35, 39 (5th Cir. 1982) (privilege protects from disclosure government agency employee's "expression of an opinion to assist the agency in reaching a decision") (internal quotations omitted). In some cases as indicated in the attached declaration and *Vaughn* index, disclosure may also result in confusion as the information may not have formed the basis for the decision at issue.

For the privilege to apply, a document must be both "predecisional" and "deliberative." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). A document is "predecisional" if it was generated before the adoption of an agency policy. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Shermco Indus., Inc. v. Sec'y of Air Force,*, 613 F.2d 1314, 1319 (5th Cir. 1980). It is "deliberative" if "it reflects the give-and-take of the consultative process." *Judicial Watch, Inc. v. Food & Drug Admin*., 449 F.3d 141, 151 (D.C. Cir. 2006) (quoting *Coastal States*, 617 F.2d at 866).

USCIS properly withheld various records that contain deliberative material. For the sake of brevity, the more detailed descriptions are set forth in the attached

declaration and *Vaughn* index and incorporated by reference here. (*See* Exhibit 1 ¶¶ 30-45, Exhibit F.) The deliberative process privilege was applied to eight predecisional documents:

1. Item 24, Email dated November 30, 2015: This email is from a USCIS Fraud Detention and National Security Immigration Officer to a USCIS Adjudications Immigration Services Officer concerning a review of Plaintiff's application for travel documents. This email contains the Fraud Officer's recommendation and the information that forms the basis for the recommendation. If this information were ordered to be made public, Fraud Officers may be less candid in discussing their recommendations and the supporting information. (*See* Exhibit 1 ¶¶ 32-33, Exhibit F at 52-54.)

2. Item 23, Notes included in the I-131 packet for internal review: These notes contain a USCIS staff member's opinions regarding Plaintiff's immigration issues associated with the review of her I-131 application, and they note that the agency is in discussion with counsel on those issues. Public disclosure of these notes would impair immigration staff from recording their analysis of important information when reviewing immigration matters. (*See* Exhibit 1 ¶¶ 34-35, Exhibit F at 50-52.)

3. Item 20, Interoffice memorandum dated May 5, 2017: In this memorandum, the Director of the Nebraska Service Center Adjudications section refers Plaintiff's I-131 application to a Fraud Officer. It contains analysis, deliberations, and the director's recommendation outlining the important aspects for further review. Public disclosure would chill the agency's ability to communicate these referrals effectively and substantively. (*See* Exhibit 1 ¶ 36, Exhibit F at 43-46.)

4. Item 26, Interoffice memorandum and attachments dated July 13, 2017: This memorandum was compiled as part of USCIS's review and investigation into Plaintiff's I-131 application. The memo contains a Fraud Officer's analysis, deliberations, and recommendations associated with the investigation. Public disclosure would impede the agency's investigative abilities, causing Fraud Officers to be less candid in discussing their recommendations with other agency staff. (*See* Exhibit 1 ¶¶ 37-38, Exhibit F at 57-60.)

5. <u>Item 19, Interoffice memorandum dated May 25, 2018:</u> This memorandum was prepared by USCIS counsel and directed to Houston-area management. It provides analysis of Plaintiff's immigration issues and legal opinions and recommendations to USCIS. Public disclosure would impair frank discussions between agency staff and agency counsel and would prevent counsel from sharing thorough analyses of the relevant legal issues. (*See* Exhibit 1 ¶¶ 39-40, Exhibit F at 38-43.)

6. <u>Item 16, FDNS Fraud referral sheet dated September 13, 2018:</u> This memorandum forms part of the referral process to the fraud group for investigation into Plaintiff's I-131 application for potential fraud. It reflects a USCIS officer's views regarding areas of concern, recommendations for further action, and opinions. Public disclosure would chill officers from providing thorough analysis. (*See* Exhibit 1 ¶¶ 41-42, Exhibit F at 30-34.)

7 & 8. <u>Item 14, FDNS Statement of findings dated October 19, 2018 & Item 1, Interoffice memorandum dated December 3, 2018:</u> Item 14 is an interoffice memorandum consisting of a Statement of Findings drafted by a Fraud Officer documenting the group's investigation into Plaintiff's I-131 application. It contains the Fraud Officer's research, findings, and recommendations, which are provided to the adjudicator for consideration in reaching a decision on Plaintiff's application. Part of these findings are also reflected in Item 1, an interoffice memorandum to a Fraud Officer regarding review into Plaintiff's immigration benefits. Release of these documents would inhibit the agency's ability to analyze investigations thoroughly. (*See* Exhibit 1 ¶¶ 34-35, Exhibit F at 43-44, 1-4.)

## ii.  **Attorney-Client Privilege and Work Product Doctrine**

USCIS also withheld information under Exemption 5 because it is protected by the attorney-client privilege and the work product doctrine. The privilege protects confidential communications between an attorney and her client relating to a legal matter for which the client has sought professional advice. *See generally United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011) ("Unless applicable law

provides otherwise, the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys"); *Church of Scientology of Texas v. I.R.S.,* 816 F. Supp. 1138, 1154 (W.D. Tex. 1993) ("The attorney-client privilege protects communications between an attorney and his client that are intended to be confidential.") (collecting cases). The attorney-client privilege is not limited to the context of litigation. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980) (The attorney-client privilege . . . applies when "the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests, and needs the same assurance of confidentiality so it will not be deterred from full and frank communications with its counselors."). Similarly, the work product doctrine protects written or oral materials prepared by or for an attorney in preparation for litigation. Fed. R. Civ. P. 26(b)(3).

Here, item 19 on the *Vaughn* index, an inter-office memorandum that was withheld under the deliberative process privilege, is also exempt under the attorney-client privilege and work product doctrine. The memorandum includes confidential communications between a USCIS attorney and their client and includes the attorney's legal opinions and recommendations. The memorandum was provided following the remand of Plaintiff's application and was therefore provided in reasonable anticipation of potential litigation. (*See* Exhibit 1 ¶¶ 46-50.)

## C. USCIS properly applied FOIA Exemptions 6 and 7(C).

USCIS properly withheld the personal identifying information of lower-level government employees and third parties who did not consent to release of their information. FOIA Exemption 6 allows for withholding of information that "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Similarly, FOIA Exemption 7(C) protects information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

"[D]isclosure of records regarding private citizens, identifiable by name, is not what the framers of the FOIA had in mind." *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 765 (1989). Both Exemptions 6 and 7(C) require the Court to balance the public's right to disclosure against the individual's right to privacy. *See Batton*, 598 F.3d at 180. The Supreme Court has clarified that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny, rather than on the particular purpose for which the document is being requested." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (internal citation and quotation marks omitted). The "court must balance the public interest in disclosure against the interest Congress intended the

Exemption to protect." *Id.* at 776. *See also Jones*, 41 F.3d at 247 (noting that "FOIA recognizes the disclosure interest of the *public*, not the private litigant").

Although the language of Exemption 7(C) is similar to Exemption 6, "the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files." *Reporters Comm.*, 489 U.S. at 756. Thus, once Exemption 7(C)'s threshold requirement that the documents be compiled for law enforcement purposes is met, that exemption allows an agency to withhold a broader range of information than Exemption 6.

As the federal agency charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, USCIS is a law enforcement agency for purposes of Exemption 7. *Ibrahim v. U.S. Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018) (concluding that USCIS "is a law enforcement agency" for purposes of Exemption 7). Courts also have recognized that USCIS records—including records maintained in an alien's A-File—are compiled for law enforcement purposes within the meaning of Exemption 7. *See, e.g.*, *Rojas-Vega v. USCIS*, 132 F. Supp. 3d 11, 19 (D.D.C. 2015), *aff'd*, 650 F. App'x 36 (D.C. Cir. 2016) (concluding that records maintained in plaintiff's A-File were compiled for law enforcement purposes); *Gosen v. USCIS*, 75 F. Supp. 3d 279, 289 (D.D.C. 2014) (noting that "courts regularly find Exemption 7 applicable to

USCIS documents"); *Skinner v. U.S. Dep't of Just.*, 806 F. Supp. 2d 105, 114 (D.D.C. 2011) (applying Exemption 7(C) to USCIS records).

USCIS properly withheld employee and third-party personal information. Exemption 6 can include "bits of personal information, such as names and addresses" of certain federal employees. *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (internal quotations omitted). In absence of a showing that there is a public interest in identifying lower-level employees, their names can be withheld under Exemption 6. *See Davidson v. U.S. Dep't of State*, 206 F. Supp. 3d 178, 200 (D.D.C. 2016), *aff'd*, 728 F. App'x 7 (D.C. Cir. 2018) (unpublished); *see also Sensor Systems Support, Inc. v. FAA*, 851 F. Supp. 2d 321,  332-33 (D.N.H. 2012); *Cal-Trim, Inc. v. IRS*, 484 F. Supp. 2d. 1021, 1027 (D. Ariz. 2007) (upholding the IRS's redaction of a lower-level employee's name under Exemption 6). There is no genuine public interest in disclosing their names.

Likewise, third parties who have not consented to release of their information also have a privacy interest the agency must protect from disclosure. *See Gosen*, 75 F. Supp. 3d at 289-90 (holding that USCIS properly redacted identifying information about USCIS employees and other third parties under Exemptions 6 and 7(C)); *Rojas-Vega*, 132 F. Supp. 3d at 20 (noting that USCIS properly withheld third party identifying information); *Isiwele v. U.S. Dep't of Health & Human Servs.*, 85 F. Supp. 3d 337 (D.D.C. 2015) (same); *Skinner*, 806 F. Supp. 2d at 116 (concluding

that "USCIS properly withheld the names and employee identification numbers of federal law enforcement officers under Exemption 7(C)").

As the Supreme Court has explained, "FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *Reporters Comm.*, 489 U.S. at 774; *see also Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[U]nless the public would learn something directly about the workings of the *Government* by knowing the names [that were withheld], their disclosure is not affected with the public interest."). Because the personal information of low-level employees and third parties would shed no light on how USCIS performs its duties, this information was properly withheld under FOIA Exemptions 6 and 7(C).

## D. USCIS properly applied FOIA Exemption 7(E).

FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), exempts from disclosure information compiled for law enforcement purposes that would disclose techniques and procedures for investigations or prosecutions, or would disclose guidelines for investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. *See* 5 U.S.C. § 552(b)(7)(E). This "exemption applies to civil and regulatory proceedings as well as to criminal matters." *Pope v. United States*, 599 F.2d 1383, 1386 (5th Cir. 1979).

"Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)).

Here, as set forth in the *Vaughn* index and explained in the accompanying declaration, USCIS withheld memoranda, notes, emails, law enforcement system checks, the results of those checks, and law enforcement database codes. This information points to or contains information about systems that law enforcement and immigration staff use to store, index, and share information, as well as the nature, scope, and amount of information the government collects and types of information and behavior that trigger action by immigration staff. If publicly released, it could be used by persons seeking improper access to the information to navigate the databases and compromise the data or be used by a requester to alter their behavior or submissions in the attempt to circumvent immigration laws and/or avoid detection. A member of the public could also learn to breach the information and/or interfere with the activities of the Department of Homeland Security. (*See* Exhibit 1 ¶¶ 58-60, 62.)

Several courts have confirmed that USCIS may properly withhold these same categories of information under Exemption 7(E). *See, e.g.*, *Gahagan v. United States Citizenship*, No. CV 15-2540, 2016 WL 3997049, at *4 (E.D. La. July 26, 2016) (holding that USCIS met its obligations under FOIA by explaining that the information withheld "reflects the manner in which law enforcement agencies return information on applicants for immigration benefits to USCIS" and that "public knowledge of the types of information used by USCIS in conducting background checks would allow applicants for immigration benefits to circumvent the system in order to receive benefits they are not entitled to under" the Immigration and Nationality Act). *See also Catholic Legal Immig. Network, Inc. v. USCIS*, No. TJS-19-1511, 2020 WL 5747183, at *13 (D. Md. Sept. 25, 2020) (upholding application of Exemption 7(E) to USCIS documents that would disclose how agency "considers fraud indicators"); *Bayala v. U.S. Dep't of Homeland Sec.*, 264 F. Supp. 3d 165, 178-80 (D.D.C. 2017) (concluding that USCIS properly withheld information relating to electronic database systems and background checks); *Rojas-Vega*, 132 F. Supp. 3d at 20-22 (permitting USCIS to withhold information relating to law enforcement systems checks and background checks); *Isiwele*, 85 F. Supp. 3d at 359 (holding that USCIS properly withheld information relating to electronic database systems); *Gosen*, 75 F. Supp. 3d at 290 (concluding that USCIS properly withheld database information); *Mezerhane de Schnapp v. USCIS*, 67 F. Supp. 3d 95, 101

(D.D.C. 2014) (concluding that USCIS properly withheld printouts from TECS database because "it could enlighten asylum applicants with criminal backgrounds about what sort of law enforcement information (from which databases) is consulted by USCIS during adjudication of a pending asylum application—and, of course, by logical inference, what sort of information is not consulted"); *Am. Immig. Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 79 (D.D.C. 2012) (determining that disclosure of fraud indicators "reasonably could lead to circumvention of laws or regulations"); *Techserve Alliance v. Napolitano*, 803 F. Supp. 2d 16, 29 (D.D.C. 2011) (holding that disclosure of withheld documents "would reveal the selection criteria, fraud indicators, and investigative process that USCIS and other agencies use in fraud investigations"). USCIS properly withheld information that would reveal law enforcement techniques and procedures.

### E. USCIS produced all reasonably segregable information.

FOIA requires an agency to produce "any reasonably segregable portion" of a record that is not exempt from disclosure. 5 U.S.C. § 552(b). Here, USCIS reviewed the records and information withheld and determined that no further segregation of meaningful information would be possible without disclosing protected information. (Exhibit 1 ¶ 63.) As to the pages released in part, the agency segregated and released all non-exempt information. (*See* Exhibit F.) Moreover,

USCIS only withheld information where disclosure "could cause a foreseeable harm to any agency operations if released." (*See, e.g.*, Exhibit 1 ¶ 61-62.)

### F. The question Plaintiff posed to USCIS did not constitute a proper request under FOIA.

Along with requesting various immigration-related records, Plaintiff included a question in the FOIA request: "I also want to know the names of all persons or agencies to whom information about me has been disclosed from any of these systems of records." (Exhibit A at 9.) Under FOIA, an individual may obtain access only to existing written records or documents: "FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create documents or opinions in response to an individual's request for information." *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987), *cert. denied*, 484 U.S. 803 (1987).

Nonetheless, as noted in the declaration, to the extent Plaintiff is seeking records showing USCIS's interactions with individuals and other agencies regarding Plaintiff's immigration matters, that information, if maintained, is ordinarily found with Plaintiff's records, which have been produced and redacted in accordance with FOIA as discussed *infra*. (Exhibit 1 ¶ 18 n.3.)

## <u>Conclusion</u>

Defendant respectfully requests that the Court grant summary judgment in its favor and dismiss this case in its entirety.

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

By: */s/ Annalisa L. Cravens*
    Annalisa L. Cravens
    Assistant U.S. Attorney
    Attorney-in-Charge
    Texas Bar No. 24092298
    Southern District No. 2791281
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    Tel: 713-567-9489
    Annalisa.Cravens@usdoj.gov

## Certificate of Service

On April 29, 2022, this document was filed via CM/ECF.

*/s/ Annalisa L. Cravens*
Annalisa L. Cravens
Assistant United States Attorney

21