United States District Court
Southern District of Texas

**ENTERED**

February 28, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHANNA LONGAS-PALACIO,          §
                                 §
    Plaintiff,                   §
                                 §
v.                               §          Civil Action No. H-21-2661
                                 §
U.S. CITIZENSHIP AND             §
IMMIGRATION SERVICES,            §
                                 §
    Defendant.                   §

## ORDER

Pending before the Court are Defendant's *Vaughn* Index and Motion for Summary Judgment (Document No. 16) and Plaintiff's Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment (Document No. 17). Having considered the motion, submissions, and applicable law, the Court determines the defendant's motion should be granted and the plaintiff's motion should be denied.

## I. BACKGROUND

This case arises out of a Freedom of Information Act ("FOIA") request. Plaintiff Johanna Longas-Palacio ("Plaintiff"), a native of Colombia, married a permanent resident of the United States of America, Victor Palacio. Plaintiff subsequently overstayed her visitor's visa and was in removal proceedings when her husband became a naturalized citizen. Following his naturalization, she became

eligible to adjust her status to permanent resident and was granted permanent resident status in 2012. In 2015, Plaintiff filed an application for a reentry permit, but it was denied. In 2020, Plaintiff received a Notice to Appear and removal proceedings against her began. Plaintiff contends these proceedings are connected to what she alleges to be a "long campaign of intimidation and harassment by local authorities in Waller and Grimes Counties."[1] On December 1, 2020, Plaintiff made this FOIA request to the U.S. Citizenship and Immigration Services ("USCIS"), seeking documents related to the investigation leading to the pending removal proceedings. On February 11, 2021, USCIS responded and produced 439 pages in full, 110 in part, and withheld 34 pages in full out of 583 pages in response to the request. On Marach 2, 2021, Plaintiff appealed the withholdings. On April 8, 2021, USCIS released an additional four pages in part following a review of the appeal.

Based on the foregoing, on August 16, 2021, Plaintiff brought this action seeking the production of the withheld documents. On April 29, 2022, USCIS moved for summary judgment. On May 27, 2022, Plaintiff responded to the motion for summary judgment and also moved for summary judgment.

---

[1] *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17 at 6.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343

(5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III.  LAW & ANALYSIS

USCIS contends the withheld documents fall within three statutory exceptions to disclosure under FOIA and thus has fulfilled its obligations under FOIA. Plaintiff contends USCIS has improperly withheld certain documents in an attempt to cover up an alleged governmental conspiracy against Plaintiff. Plaintiff further contends USCIS's *Vaughn* Index "raise[s] more question than ever,"[2] and appears to allege USCIS acted in bad faith in making its withholdings.

---

[2] *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17 at 6.

4

A.    *Defendant's Motion for Summary Judgment*

FOIA requires federal agencies to disclose requested records that do not fall into one of nine exempt categories. 5 U.S.C. § 552; *U.S. v. Weber Aircraft Corp.*, 465 U.S. 792, 793–93 (1984). Thus, "the threshold question . . . is whether the requested can even *see* the documents the character of which determines whether they can be released." *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002) (emphasis in original). Additionally, "exemptions from disclosure must be construed narrowly, in such as way to provide maximum access" in keeping with the purpose of FOIA. *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1974).

If, after a FOIA request is made, the agency declines to disclose a document, either in whole or in part, "the burden in upon the agency to prove *de novo*" that the document is exempt from disclosure under one or more of the statutory exemptions. *Id.* A court may grant an agency's motion for summary judgment only if the agency "identifies the documents at issue and explains why they fall under [the statutory] exemptions." *Cooper Cameron Corp.*, 280 F.3d at 543. This explanation is often made in an affidavit or a *Vaughn* index which lists responsive documents and explains why portions of those documents were withheld. *Id.* However, that affidavit or *Vaughn* index "will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Id.* (quoting

5

*Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)). The agency is entitled to a "presumption of legitimacy" absent evidence of bad faith in handling the FOIA request. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991). However, this presumption does not "relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (citing *Stephenson v. I.R.S.*, 629 F.2d 1140, 1145 (5th Cir. 1980)).

The purpose of FOIA is to facilitate public access to agency documents, and "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Id.* (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Notably, the purpose of FOIA is "not to benefit private litigants or to serve as a substitute for civil discovery." *Baldridge v. Shapiro*, 455 U.S. 345, 360 n.14 (1982) (citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975)).

Here, in her FOIA request, Plaintiff requested the production of: (1) "anything in paper A files, electronic A files, any electronic records in the Enterprise Documents Management system, or the USCIS electronic system or the DHS Central Index System or the National File Tracking system or the Person Centric Query Service or the Enterprise [C]itizenship and Immigration Services, Centralized

Operational Repository;"[3] and (2) "[Plaintiff] also want[s] to know the names of all

persons or agencies to whom information about [Plaintiff] has been disclosed form

any of these systems of records."[4] In response to her request, USCIS ultimately

produced 439 pages in full, 114 in part, and withheld thirty pages in full, and

provided a *Vaughn* index which describes the statutory basis for its withholdings.

Plaintiff does not contest a narrow subset of the withholdings but does contend the

majority of the withholdings are improper. The Court first addresses the uncontested

withholdings before evaluating the contested withholdings.

1.    *Uncontested Withholdings*

Plaintiff does not contest USCIS's withholding of the names and personal

identifying information of DHS officials.[5] Accordingly, summary judgment as to the

---

[3] *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-A at 9.

[4] *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-A at 9. USCIS contends the law is clear FOIA does not require a responding agency to create any documents or answer questions in response to a FOIA request, but only produce documents that are responsive and not exempt from disclosure. *See DiViaio v. Kelley*, 571 F.2d 538, 542–43 (10th Cir. 1978) ("[N]othing in [FOIA] requires 'answers to interrogatories' but rather and only disclosure of documentary matters which are no exempt."). The Court finds USCIS need not create any documents or otherwise directly respond to Plaintiff's request for the names of individual who may have provided information to USCIS about Plaintiff. USCIS need only produce responsive, nonexempt documents in response to this request. Accordingly, the Court grants summary judgment with respect to Plaintiff's request for names to the extent it is meant to require USCIS create a document or directly respond with a list of names in response to the request.

[5] *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17 at 18.

uncontested withholdings and redactions based on the names and personal identifying information of DHS officials is granted. The Court now turns to the contested withholdings and redactions.

### 2.   Contested Withholdings

The agency has the burden to establish whether withheld documents fall within a statutory exemption. *Cooper Cameron*, 280 F.3d at 543. As detailed in its *Vaughn* Index, USCIS makes withholdings—either in whole or in part—based on the following exemptions: (1) Exemption 3; (2) Exemption 5; (3) Exemption 6; and (4) Exemption 7. The Court first addresses USCIS's withholdings under Exemption 3 before turning to the withholdings made under the remaining exemptions in turn.

### a.   Exemption 3

USCIS contends it properly withheld information under Exemption 3, specifically related to the "No Fly" list. In response, Plaintiff does not appear to directly challenge the application of Exemption 3 other than to contend "the 'no-fly' indicator result . . . cannot be arbitrarily applied."[6] It is not readily apparent what Plaintiff means by this, but nevertheless 49 U.S.C. § 114(r) prevents the disclosure of certain categories of sensitive security information, which includes whether a specific name appears on the "No Fly" list. 49 C.F.R. § 1502.5(b)(9)(ii); *Skurow v.*

---

[6] *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-A at 6.

*U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 331 (D.D.C. 2012). Therefore, the Court finds USCIS properly withheld portions of Items 13 and 21 with respect to the "No Fly" list. Accordingly, summary judgment is granted as to the application of Exemption 3 to Items 13 and 21 in the *Vaughn Index*.

      *b.    Exemption 5*[7]

USCIS contends it properly withheld information under Exemption 5 on the basis of: (1) the deliberative process privilege; (2) the attorney-client privilege; and (3) the work product doctrine. In response, Plaintiff largely expresses doubt regarding the applicability of the privileges alleged and contends the Court should force the production of the documents over USCIS's assertion of privilege.

Exemption 5 states an agency may withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5). Essentially, only those documents which are "normally privileged in the civil discovery context" are exempt. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). This, of course, includes the deliberative process privilege, the attorney-client privilege, and

---

[7] USCIS withheld, either in whole or in part, the following Items in its *Vaughn* Index based on Exemption 5: 1, 14, 16, 19, 20, 23, 24, and 26. *See Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F.

the attorney-work product privilege. *See*, *U.S. Fish & Wildlife Serv. Sierra Club, Inc.*, 141 S. Ct. 777, 783 (2021).

Given that USCIS asserts all three as the basis for withholding a majority of the documents at issue, either in whole or in part, the Court evaluates the applicability of each of in turn, beginning with the deliberative process privilege.

### i.    *Deliberative Process Privilege*

The deliberative process privilege protects documents from disclosure which "reflect[] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB*, 421 U.S. at 150. The privilege stems from "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Dep't of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8–9 (2001). Thus, the purpose of this privilege is to encourage candor in order to improve agency decision making rather than "the chilling effect that accompanies the prospect of disclosure." *U.S. Fish & Wildlife*, 141 S. Ct. at 785. In order to be shielded from discovery under this privilege, a document must be predecisional and deliberative. *Id.* (citing R*enegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 186 (1975)). A document is predecisional if it was "generated before the agency's final decision on the matter" and deliberative if it

was "prepared to help the agency formulate its position." *Id.* (citing *NLRB*, 421 U.S. at 150–52).

Here, USCIS asserts Exemption 5 as the basis for withholding Items 1, 14, 16, 19,[8] 20, 23, 24, and 26. The documents are predecisional, given they all predate the initiation of Plaintiff's removal proceedings. Among these documents are interoffice memorandums, emails, notes, a fraud referral to the Fraud Detection and National Security Directorate ("FDNS"), and a statement and findings by FDNS. All of these documents purport to contain analysis, deliberations, recommendations, and discussions regarding such recommendations and supporting information. Plaintiff contends this information should be disclosed is has not been alleged she committed any fraudulent acts, and thus such an investigation is—according to Plaintiff—

---

[8] USCIS also asserts the attorney-client privilege and the work product doctrine to withhold Item 19. The attorney-client privilege protects communications between attorneys and their clients that are intended to be confidential. *See Granviel v. Lynaugh*, 881 F.2d 185, 192 (5th Cir. 1989). Typically, "the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011). This privilege, unlike the deliberative process privilege, also protects factual materials contained within privileged documents. *Church of Scientology of Tex. v. IRS*, 816 F. Supp. 1138, 1154 (W.D. Tex. 1993) (Sparks, J.). Item 19 is a legal memorandum dated May 18, 2018 in which "the Associate Counsel with the Central Law Division provided a legal opinion to [the] Houston Field Office Management/FDNS Houston Management regarding Plaintiff's immigration matters." *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F at 39–40. Here, Item 19 is a legal memorandum providing legal advice from a government attorney to a government official. Thus, the Court finds Item 19 falls within the attorney-client privilege, and consequently is exempt from disclosure under Exemption 5.

unwarranted. Essentially, Plaintiff seeks the disclosure of this information to support her allegations of a conspiracy against her rather than to serve public interests.[9] Plaintiff repeatedly expresses extreme skepticism regarding the veracity of USCIS's representations made in its *Vaughn* Index but is unable articulate anything beyond pure conjecture (and a general mistrust of USCIS) for the basis of this skepticism. Regardless, the Court finds USCIS's *Vaughn* Index explains the basis for its withholdings under the deliberative process privilege with sufficient specificity. There, USCIS explains how all of the documents are predecisional, and that they contain interoffice discussions, analysis, and recommendations designed to assist USCIS in formulating its position in this case. *See U.S. Fish & Wildlife*, 141 S. Ct. at 785. Therefore, the Court finds these documents are protected by the deliberative process privilege and thus exempt from disclosure under Exemption 5. Accordingly, summary judgment is granted as to the documents withheld under Exemption 5. The Court now turns to USCIS's withholdings under Exemptions 6 and 7(C).

---

[9] *See, e.g.*, *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17, Exhibit 1 at 12–13 ("If [the] deliberative thought process [contained in Item 23] was 'let's get this woman . . . ,' then [Plaintiff] should have access to this information.").

c.   *Exemption 6[10] & Exemption 7(C)[11]*

Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly warranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . ." 5 U.S.C. § 552(b)(7)(C). The Supreme Court has held "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of [FOIA,] [namely] to open agency action to the light of public scrutiny, rather than on the particular purpose for which the document is being requested." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (internal citation and quotation marks omitted). Instead, the "court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect," which includes concerns over unwarranted invasions of privacy. *Id.* at 776.

---

[10] USCIS withheld, either in whole or in part, the following Items in its *Vaughn* Index based on Exemption 6: 1, 3–22, 24–27, 30–40, 42–48, 50, 54–59. *See Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F.

[11] USCIS withheld, either in whole or in part, the following Items in its *Vaughn* Index based on Exemption 7(C): 3–27; 30–40; 42–50; 54–59. *See Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F.

USCIS contends it properly withheld personal information of low-level government employee and third parties under Exemptions 6 and 7(C). Specifically, this information includes names and other personal identifying information.[12] As stated above, Plaintiff does not contest USCIS's withholding of the names and personal identifying information of DHS officials.[13] Though Plaintiff does contest the withholding of personal identifying information of nonconsenting third parties who she alleges "have exercised their influence to convince DHS officials to act against [Plaintiff] because of their personal animus."[14] But in her response, Plaintiff not only fails to articulate a *public* interest that may be served through the disclosure of this information—which is the purpose of FOIA—but rather argues this information should be provided so she may adequately "contest the persecution she has experienced."[15] Indeed, Plaintiff fails to articulate how the disclosure of the names and/or identifying information of third parties serves a public interest. After balancing any public interest in the disclosure of this information with the

---

[12] *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16 at 13–16.

[13] *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17 at 18.

[14] *Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment*, Document No. 17 at 18.

[15] *Plaintiff's Response to Government's* Vaughn *Index*, Document 17, Exhibit 1 at 1.

nonconsenting third parties' right against an unwarranted invasion of their privacy interest, the Court finds the third parties' privacy interests outweigh any public interest in the disclosure of this information. Thus, the Court finds the information withheld under Exemptions 6 and 7(C) is exempt from disclosure. Accordingly, summary judgment as to the withholdings under Exemptions 6 and 7(C) is granted. The Court now turns to USCIS's withholdings under Exemption 7(E).

>    d.    *Exemption 7(E)*[16]

Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecution if such disclosure could reasonably be expected to risk circumvention of the law . . . ." 5 U.S.C. § 552(b)(7)(E). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding; [r]ather than requiring a highly specific burden of showing how the law will be circumvented, this exemption only requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of

---

[16] USCIS withheld, either in whole or in part, the following Items in its *Vaughn* Index based on Exemption 7(E): 2; 6; 11–41; 44; 46; 47; 49; 51–53; 55; 57–59. *See Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F.

the law." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009)) (internal quotation marks omitted). "[I]nternal agency materials relating to guidelines, techniques, sources, and procedures for law enforcement investigations and prosecutions, even when the materials have not been complied in the course of a specific investigation" may be protected under this exemption, even if those documents "are not 'how-to' manuals for law breakers." *Tax Analysts v. IRS*, 294 F.3d 71, 79 (D.C. Cir. 2002); *Mayer Brown*, 562 F.3d at 1193.

In this case, virtually all withholdings made pursuant to this exemption relate to either searches or results of such searches of USCIS and other government databases used by USCIS in the course of their investigations and for law enforcement purposes. USCIS thus argues the disclosure of various queries, codes, system checks, searches and search results of various government databases would alert other to the type of information that triggers an investigation by USCIS, give enough information to allow others to alter their behavior to avoid detection, and thus would result in—or at least reasonably create a risk of—the circumvention the law. In her response, Plaintiff generally contends she is entitled to know the information that triggered the investigation into Plaintiff's status in this country, and USCIS is exaggerating the risk of circumvention of the law that could result if the information is disclosed. However, the information Plaintiff seeks—that is, the

information collected by USCIS which triggered actions by USCIS—is exactly the sort of information Exemption 7(E) is designed to protect. *See Tax Analysts*, 294 F.3d at 79. Plaintiff does not articulate a public interest in the disclosure of the information withheld under this exemption. Rather, she contends she is entitled to this information in order to get to the root of the alleged conspiracy against her. However, the Court finds these documents[17] constitute "internal agency materials relating to guidelines, techniques, sources, and procedures for law enforcement investigations and prosecutions," the disclosure of which could lead to circumvention of the law. Thus, the Court finds these documents are exempt from disclosure under Exemption 7(E). Accordingly, summary judgment is granted as to the documents withheld under Exemption 7(E).

### 3. *Segregability*

FOIA requires "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions with are exempt." 5. U.S.C. § 552(b). Thus, once the agency identifies a document believed to qualify for a FOIA exemption, "it must undertake a segregability analysis, in which it separates the exempt from the non-exempt portions of the document[] and

---

[17] *Vaughn* Index Items: 2; 6; 11–41; 44; 46; 47; 49; 51–53; 55; 57–59. *See Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1-F.

produce the relevant non-exempt information." *Edmonds Inst. v. U.S. Dep't of Interior*, 383 F. Supp. 2d 105, 108 (D.D.C. 2005) (citing *Vaughn*, 484 F.2d at 825).

Here, only thirty pages were withheld in full by USCIS in response to Plaintiff's FOIA request after it produced 439 pages in full and 114 in part. In its supporting affidavit, USCIS contends it conducted a line-by-line review of all the responsive documents and further contends no further segregation of information is possible.[18] Given that only a fraction of the responsive documents were withheld in full and USCIS also produced additional pages after Plaintiff appeal its initial production, the Court finds USCIS made a diligent effort to redact exempt material while releasing all nonexempt material and the withholdings were not made in bad faith. Thus, absent any grounds to dispute this, the Court finds USCIS released all reasonably segregable information and did not withhold documents in bad faith.

## B.    *Plaintiff's Motion for Summary Judgment*

In her response to USCIS's motion for summary judgment, Plaintiff also moves for summary judgment. Given the Court's ruling above and having considered the motion, submission, and appliable law, the Court finds Plaintiff's motion for summary judgment should be denied. Accordingly, Plaintiff's motion for summary judgment is denied.

---

[18] *Defendant's* Vaughn *Index and Motion for Summary Judgment*, Document No. 16, Exhibit 1, ¶ 63 (*Declaration of Cynthia Munita*).

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's *Vaughn* Index and Motion for Summary Judgment (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's Response to Defendant's Motion for Summary Judgment, and Plaintiff's Own Motion for Summary Judgment (Document No. 17) is **DENIED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this **28** day of February, 2023.

DAVID HITTNER
United States District Judge

19